IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TRUMAN SCOTT,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent

FILED
FEB 1 5 2018
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

2:18cv18

## MEMORANDUM OF LAW IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2241

COMES NOW, Petitioner Truman Scott, in pro-se capacity, with this memorandum of law in support of his motion under 28 U.S.C. § 2241.

Petitioner understands that his pro-se pleading "is to be liberally construed ... and ... must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 US 89.

Table of Contents:

Ground 1: Lack of Subject Matter Jurisdiction --------------------------- P. 2
Ground 2: Actual Innocence --------------------------------------------- P. 3-4
Ground 3: Unreasonable Sentence ---------------------------------------- P. 5

1

Claim of Lack of Subject Matter Jurisdiction:

Jurisdictional claims are not subject to time bar or waiver. In the instant case, Petitioner Truman Scott was not properly indicted for the crimes for which he was put on trial. Without a proper indictment, the court lacked subject matter jurisdiction, and his resulting conviction and sentence are illegal.

The record reflects that no indictment was returned in open court. In fact, the US Attorney's Office was unable to provide evidence of any indictment what so ever. See Attachment A.

In addition, the original attempt at issuing an indictment was fatally flawed due to a lack of specificity. An indictiment that fails, on it's face, to provide the necessary level of detail is no indictment at all. The Government's unwillingness to provide a copy of the indictment leads one to believe they are trying to obstruct Petitioner's efforts to correct this grave injustice.

Claim of Actual Innocence:

Petitioner maintains his actual innocence of the crimes of which he was convicted. At the time of the jury trial, Petitioner relied on the defense that evidence was fabricated and testimony provided falsely. Petitioner alleged that his prosecution was the direct result of his refusal to participate in a drug conspiracy with the Robeson county officers involved in his case. The jury found the presented testimony and evidence credible, while petitioner lacked any solid evidence of his allegations.

After his conviction in 1998, the Petitioner tried to appeal and pursue various collateral remedies. Then, finally, almost ten years later, Operation Tarnished Badge as identified by the Department of Justice, was brought to light. This corruption scandal, with allegations similar to those of the petitioner, resulted in charges and convictions of over 20 members of the department. This included some of the officers who provided allegedly false testimony and evidence in the instant case.

Being an inmate in federal prison limits the informational knowledge received. As such, the petitioner did not become aware of this new evidence for over a year from the Department of Justice report. As such, when he filed for collateral relief based on new evidence, he was told that he was time barred and the issue was not decided on the merits.

The denial based on procedural grounds was in error. The court adopted the government's position that the Petitioner could have found out about the issue from the date of the Department of Justice report if he had applied due dilligence. However, due dilligence cannot mean that one must be aware of all such decisions and events that arise 10 years later, especially when he lacks investigative resources available to the general public. Indeed, the lack of internet access and access to DOJ reports made it amazing that he found the information as soon as he did.

Due dilligence is the dilligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement. Blacks Law Dictionary 8th Ed. Dilligence is a continual effort to accomplish something. Id. Here, the fact that the petitioner located new evidence and acted upon it within one year of when he could reasonably be expected to discover such evidence shows his application of dilligence.

The court "does not require the maximum feisable dilligence, only 'due', or reasonable, dillignece." DiCenzi v. Rose, 452 F.3d 465 (6th Cir. 2006). See also Johnson, 544 US 302. Further, the court must account for "the reality of the prison system" and be careful to avoid "imposing an unreasonable burden on prisoners." Id. at 470.

Due dilligence "is an inexact measure of how much delay is too much," but entails "prompt action ... as soon as [petitioner] was in a position to realize he had an interest in" challenging the conviction based on new evidence. Johnson, 544 US 309.

This new evidence which was not properly considered should be granted equitable tolling based on the fact that the petitioner did in fact exhibit due dilligence at the time. Further, this supports the claim of actual innocence. In light of the new evidence indicating that false testimony was presented would place a reasonable doubt in the mind of a jurist of reason, it is unlikely that Petitioner would have been convicted at trial.

Claim of Unreasonable Sentence:

At sentencing, Petitioner was sentenced in part based on uncharged, acquitted, or dismissed conduct. For the past 20 years, such a consideration was allowed based on the Supreme Court's decision in Watts.

However, after two decades of injustice, the Supreme Court has essentially overruled their decision in Watts by issuing the 2017 opinion in Nelson v. Colorado, 137 S. Ct 1249.

Nelson prevents courts from making an end run around the constitution and from eviscerating the presumption of innocence by using uncharged, acquitted, and dismissed conduct to justify an increased sentence.

A defendant has a right to be sentenced based on accurate information. When a sentence was based in part on conduct of which the defendant is presumed innocenct, the resulting sentence is unreasonable.

Further, the sentence was greater than necessary. At 70 years old, the petitioner no longer presents any risk of recidivism or risk to the public. He has served a significant amount of time that would account for the harm of the alleged crimes. Petitioner is in poor health, and is confined to a wheelchair. He simply desires a chance to quietly live out the remainder of his life at home with his family.

Conclusion:

WHEREFORE, Petitioner respectfully prays this Honorable Court will grant him relief from his conviction and/or sentence, or any other relief to which he may be entitled.

Respectfully,

2-8-18
Date

*/s/ Truman Scott*
Truman Scott

CERTIFICATE OF SERVICE:

I, Truman Scott, certify that a true and correct copy of the foregoing document was mailed via first class united states mail, deposited postage prepaid in the institutional mailbox at FCI Hazelton on this date.

2-8-18
Date

*/s/ Truman Scott*
Truman Scott