IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TRUMAN SCOTT,

        **Petitioner,**

v.                                               CIVIL ACTION NO. 2:18cv18
                                                                          (Judge Bailey)

**WARDEN ENTZEL,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On February 15, 2018, Truman Scott, ("Petitioner") filed, a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241.   ECF No. 1. On February 28, 2018, he paid the $5.00 filing fee. Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his conviction and sentence imposed by the United States District Court for the Eastern District of North Carolina.   This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

On February 1, 1999, a jury found Petitioner guilty of a six-count indictment that charged him and two others with: Count One, conspiracy to distribute narcotics in violation of 21 U.S.C. § 846; Counts Two, Three and Four, interference with commerce by threat or

---

[1] The facts are taken from a § 2241 petition filed on behalf of the Petitioner, by counsel, on June 17, 2016. See Civil Case Number 1:16-cv-119-IMK-MJA. The ECF numbers in the fact section are from that case. The undersigned notes that counsel's motion to proceed *pro hoc vice* was denied because he failed to provide the name of a responsible local attorney.

violence in violation of 18 U.S.C. § 1951; and Counts Five and Six, violent crime/drugs, machine gun in violation of 18 U.S.C. § 924(c). ECF 9-1 at 4, 17. On April 19, 1999, Petitioner was sentenced on Count 1 to 405 months imprisonment; on Counts 2, 3 and 4 to 240 months imprisonment to run concurrently with the sentence in Count 1; on Count 5 to 120 months imprisonment to be served consecutive to the sentences on Counts 1-4; and on Count 6 to 240 month imprisonment to be served consecutive to the sentences in Counts 1-5.[2] Id. at 19.

    Petitioner appealed his convictions to the United States Court of Appeals for the Fourth Circuit which affirmed his convictions on all counts on March 14, 2000. Id. at 21. Petitioner filed a petition for writ of certiorari with the United States Supreme Court which was denied on November 27, 2000.[3]

    Petitioner filed a writ of error *coram nobis* which was denied by the Fourth Circuit on September 25, 2000. Id. at 23. On November 21, 2001, Petitioner filed a Motion to Vacate Under 28 U.S.C. § 2255 which was denied on August 28, 2003. Id. at 26. Petitioner appealed this denial on September 22, 2003. Id. The Fourth Circuit dismissed the appeal on December 30, 2003. Id. at 27. The petition for rehearing and for rehearing en banc was denied on March 30, 2004. Id. Petitioner filed a motion for relief from final judgment under Fed. R. Civ. P. 60(b) on January 9, 2007, which was denied on January 25, 2007. Id. at 29. Petitioner appealed on February 8, 2007. The appeal was dismissed on April 19, 2007. Id. at 30. Petitioner filed a motion to discontinue sentence on August 16, 2010, which the Court construed as a motion to vacate under 28 U.S.C. § 2255 and denied January 25, 2011. Id. at 33. A Certificate of Appealability was denied on August 2, 2011.

---

[2]Petitioner's projected release date is May 26, 2047. See Inmate locator at bop.gov.
[3]See Docket Entry 55 in Court of Appeal Docket # 99-4299 (4th Cir.) available on PACER.

Id. at 35.  A motion to reconsider was denied on August 19, 2011.  Id.  Petitioner appealed on September 20, 2011, and the appeal was dismissed February 3, 2012.  Id. at 36.  Petitioner then filed another motion to vacate under 28 U.S.C. § 2255 on September 24, 2012 which was dismissed on September 27, 2012.[4]  Id.  Petitioner filed a Motion for Reduction of Sentence - crack cocaine offense which was denied on July 11, 2014.  Id. at 39.

### III. Pleadings

In his pending Petition for Relief Under 28 U.S.C. 2241, Petitioner raises three grounds for relief. First, he alleges that the district court lacked subject matter jurisdiction because the grand jury failed to present a valid indictment, and as a result, the court was without authority to impose punishment. Petitioner elaborates by noting that the indictment was either never issued or it was fatally flawed, and his attempts to obtain a copy of the indictment were unsuccessful, and he was told that there was not one of record. Second, Petitioner alleges that he is actually innocent. In support of this allegation, Petitioner maintains that he can demonstrate that he was actually innocent based on the fact that evidence was fabricated and testimony by the government agents was false. Petitioner elaborated that "operation tarnished badge" resulted in the arrest and conviction of officers key to the case based on a corruption conspiracy as he alleged at trial. Finally, Petitioner alleges that his punishment was increased through the unconstitutional use of acquitted,

---

[4] As in his pending § 2241 petition, Petitioner's claims arose from the federal prosecution and conviction of law enforcement personnel following an investigation entitled "Operation Tarnished Badge." Operation Tarnished Badge was a joint state and federal investigation of corrupt law enforcement officers in Robeson County, North Carolina. The investigation resulted in over twenty (20) federal convictions, including the conviction of former Robeson County Sheriff Glenn Maynor and nearly his entire command structure. In his § 2255, Petitioner alleged officers of the Robeson County Sheriff's Department fabricated evidence and testified falsely against him in retaliation for his refusal to participate in a drug dealing scheme with the officers. ECF No. 9-5 at 2-3.

discharged or dismissed cause. In support of this allegation, Petitioner alleges that the recent decision in Nelson v. Colorado, 137 S.Ct. 1249 (2017), prevents courts from making an end run around the constitution and from eviscerating the presumption of innocence by using uncharged, acquitted and dismissed conduct to justify an increased sentence. For relief, he seeks an order vacating his conviction or sentence and an immediate release from confinement.

## IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. This court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) (a district court may apply these rules to a habeas corpus petition not filed pursuant to §2254). As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. 2241, and therefore, no response has been required of Respondent.

## V. ANALYSIS

All of Petitioner's claims challenge the validity of his conviction and sentence, and not

the manner in which his sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Eastern District of North Carolina. While, normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court, because Petitioner already unsuccessfully filed a section 2255 motion in the Eastern District of North Carolina, and, apparently, has not received authorization from the United States Court of Appeals for Fourth Circuit to file a second or successive 2255 motion, to the extent that the instant petition may be construed as a section 2255 motion, it would be futile to transfer it to the Eastern District of North Carolina because it would be procedurally barred.

      28 U.S.C. § 2241 is typically used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the Petitioner's detention. In re Jones, 226 F. 3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). In re Jones relies upon the statutory language presently found in 28 U.S.C. § 2255(e) which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the


legality of the Petitioner's detention. Id at 332.

Therefore, before considering Petitioner's section 2241 petition on its merits, the Court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the Petitioner's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth Circuit has established that the remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[5]

In re Jones, 226 F.3d at 333-334.[6]

Petitioner, however, cannot meet the Jones requirements because he is not asserting that there has been an intervening change in substantive law that has established his actual innocence of his underlying conviction; rather he merely asserts claims of impropriety regarding the indictment and testimony presented at trial similar to those that he made in his section 2255 motion, which are now procedurally barred. In addition, to the

---

[5] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents: (1 ) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable 28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

[6] On March 28, 2018, three-judge panel of the Fourth Circuit issued an opinion in United States v. Wheeler, No. 16 – 6073, 2018 WL 151-4418 (March 28, 2018), which extended the application of the savings clause to sentencing challenges and revise the In re Jones test with respect to such challenges. The parties in Wheeler have until May 14, 2018, to file a petition for rehearing en banc. Wheeler has no direct implication in the instant matter, and the panel opinion thereof in specified that "there is no doubt that Jones is still good law in this circuit." Id at*8. Accordingly, the undersigned relies on Jones here on why she is just she did to the invasion in.

extent that he relies on Nelson for a claim that his sentence was improperly enhanced, the same is misplaced. Petitioner argues that the decision in Nelson prevents a penalty or increased sentence based on relevant conduct that is uncharged, dismissed or acquitted based on the fact that one remains presumed innocent in those instances.[7] First, Petitioner provides no indication what prior conviction, which was used to enhance sentence, has been invalidated. Moreover, the presumption of innocence is not a newly announced substantive rule of law. The presumption of innocence is a fundamental principle of criminal law in this country. Taylor v. Kentucky, 436 U.S. 473 (1978), quoting Coffin v. United States, 156 U.S. 432, 453 (1895) ("The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.").

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED and DISMISSED** from the docket of the court.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable John

---

[7] In Nelson, the Supreme Court considered whether the State is required to refund fees, court costs and restitution exacted from the defendant as a consequence of conviction after that conviction is invalidated and it is determined no trial will occur. 137 S.Ct. at 1254-58. The Court concluded that a Colorado state law violated due process when it required defendants whose convictions had been reversed or vacated to additionally prove their innocence in a subsequent civil proceeding by clear and convincing evidence in order to obtain a refund of funds paid to the state, including restitution payments. Id.

Preston Bailey, United States District Judge.  Failure to timely file objections to this Recommendation will result in waver of the right to appeal from a judgment of this Court based upon such recommendations.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. Upon entry of this Report and Recommendation, the Clerk of Court is further **DIRECTED** to terminate the magistrate judge association with this case.

DATED: April 17, 2018

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE